Lin v. Holder

BIA
A078 861 463

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> DENNY CHIN,
>    *Circuit Judges.*

_____

ZHI LIN, AKA ONG LIN KIAT,
>    *Petitioner,*

>    v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

10-4545-ag
NAC

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Lyle D. Jentzer, Senior Litigation
                         Counsel; Charles S. Green, III,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Lin, a native and citizen of the People's Republic of China, seeks review of an October 12, 2010, decision of the BIA denying his motion to reopen. *In re Zhi Lin, aka Ong Ling Kiat,* No. A078 861 463 (B.I.A. Oct. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Lin's motion was indisputably untimely because it was filed more than three years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Lin's newly commenced practice of Christianity constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen). Moreover, the BIA

reasonably concluded that the country conditions evidence that Lin submitted in support of his motion to reopen did not demonstrate a material change in conditions excusing the untimely filing of his motion because the evidence showed only that, since Lin's 2005 removal proceedings, the Chinese government had *continually* repressed the practice of Christianity in certain areas. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, although the evidence indicates that the Chinese government may have intensified its repression of unregistered religious groups in certain regions in the time period leading up to the 2008 Olympics, that intensification was not material to Lin, as he was from a province not mentioned with respect to the intensification and filed his motion more than one year after the Olympics had concluded. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7); *see also* 8 C.F.R. § 1003.2(c)(3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

-4-

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk